**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MILAN KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 07759 |
| | ) | |
| OFFICER LUKE, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Milan Knox filed a *pro se* complaint against Officer Luke of the Village of Sauk police department pursuant to 42 U.S.C. § 1983, alleging that the officer used excessive force against him during four encounters in May and June of 2011. Officer Luke moves to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), (b)(6). In addition to responding to the motion, Plaintiff filed an amended complaint. But he did so without leave and more than 21 days after the motion to dismiss was filed.[1] See Fed. R. Civ. P. 15(a)(1)(B). Accordingly, the original complaint remains operative, and the motion to dismiss is ripe for ruling.

The first of Officer Luke's arguments for dismissal—that this Court lacks subject-matter jurisdiction because Knox's allegations add up, at most, to an alleged assault under state law and therefore don't state a truly "federal" claim—is off-base. There is federal subject-matter jurisdiction here. Using the Northern District of Illinois' form complaint for a violation of civil rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, Knox alleges that Luke violated his

---

[1] Plaintiff is no worse off with the original complaint. Like Plaintiff's previous proposed amended complaint, which the prior district judge denied him leave to file, the amended complaint of March 8, 2012, is "incomplete." *See* Minute Order, Doc. # 23 (Feb. 9, 2012) (Hibbler, J.). This Court would have similarly denied leave to file it, if leave had been sought.

1

constitutional rights under color of state law by using excessive force against him. This is a quintessential § 1983 claim, over which the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1343, which confers such jurisdiction over civil rights actions, and 28 U.S.C. 1331, which confers federal question jurisdiction generally. Luke's argument that the facts alleged in the complaint don't add up to a federal constitutional violation is not a jurisdictional one; it goes to the merits and is the very essence of a motion under Rule 12(b)(6). *See Rabe v. United Air Lines, Inc.,* 636 F.3d 866, 870 (7th Cir. 2011); *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820-21 (7th Cir. 2009).

Turning, then, to the question of whether Knox adequately pleads a violation of his federal constitutional rights, this Court construes *pro se* complaints liberally and does not hold them to the same standards as pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, to state a claim for relief, a complaint must contain factual allegations that plausibly suggest an entitlement to relief, to a degree that rises above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-680 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *Munson v. Gaetz*, 673 F.3d 630, 632-33 (7th Cir. 2012).

Knox alleges that on May 18, 2011—shortly after he had filed a lawsuit alleging that Officer Luke unlawfully tased him—Luke (again) used excessive force against him when he "tried to run Plaintiff over with his police car by coming up on the sidewalk where Plaintiff was walking." Compl. ¶¶ 6, 10. He also describes harassment or "stalking" by Officer Luke on three other occasions. On May 5, 2011, Officer Luke pulled his squad car up alongside Knox while he was walking and "held his arm our mimicking that he was holding a gun." *Id*. ¶ 10. On May 20, Knox entered a drugstore where Officer Luke was standing in line, and the officer "acted as if he was reaching for his gun while staring directly at Plaintiff." *Id.* And, on June 4, when Plaintiff

was riding his bicycle, he encountered Officer Luke inspecting downed electrical wires; the officer approached Knox and said "If you were on this side, I'd run your ass over." *Id*. These allegations are taken as true for purposes of the motion to dismiss.

Officer Luke argues (with little elaboration or relevant authority) that on these facts, Plaintiff fails to plausibly allege a violation of the Constitution. Knox counters that he has adequately pleaded "unlawful stalking" by Officer Luke. Section 1983, of course, provides a cause of action only when the plaintiff's federal constitutional or statutory rights are violated by individuals acting under color of state law. *Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011). The question is whether the type of conduct Knox alleges gives rise to a plausible claim of excessive force or any other Fourth Amendment violation. (The Court can think of no other applicable theory of relief based on Knox's allegations.)

"Any Fourth Amendment inquiry necessarily begins with a determination of whether a search or seizure actually occurred." *Carlson v. Bukovic*, 621 F.3d 610, 618 (7th Cir. 2010) (citing cases). Plaintiff plainly does not allege any kind of search, so if his allegations are to add up to a violation of the Fourth Amendment, they must describe an unreasonable seizure. A "seizure" for Fourth Amendment purposes includes not just a formal arrest or investigatory stop, but any situation in which a reasonable person, under the totality of the circumstances, would not feel free to leave or to terminate the encounter with police. *Id.*; *see Scott v. Harris*, 550 U.S. 372, 381 (2007).

Turning first to the "stalking" incidents—all of the alleged conduct other than the May 18 sidewalk incident—these allegations do not give rise to a plausible claim that Knox was seized within the meaning of the Fourth Amendment. "Violation of the Fourth Amendment requires an intentional acquisition of physical control." *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989).

3

These three alleged incidents were public encounters with Officer Luke involving minimal interaction and no physical contact. The Seventh Circuit has held that this type of alleged harassment or stalking is not a "seizure." *See Christensen v. County of Boone*, 483 F.3d 454, 460 (7th Cir. 2007). When an officer's encounter with the plaintiff is nonphysical, the plaintiff must have submitted to the show of authority to establish that a seizure has taken place. *Id.* (citing *California v. Hodari D.*, 499 U.S. 621, 626, (1991)). In this case, by his own admission, Knox's freedom of movement was not restricted; either he was some distance away to begin with, or simply walked from Officer Luke. *Id.* (no seizure where plaintiffs "continued to go about their daily business"). Therefore, he never submitted to the Officer Luke's show of authority (if that is even what it was). If Luke had actually drawn a weapon and pointed it at Knox, this might be a different case. *See Baird*, 576 F.3d at 545 (explaining that "gun pointing when an individual presents no danger is unreasonable and violates the Fourth Amendment"). But an officer's using his hands as a pretend gun does not carry the coercive effect of drawing a weapon and is not a seizure, particularly where the plaintiff can just walk away from the interaction.

A slightly harder question is whether Knox pleads sufficient facts to allege a seizure on the occasion when Officer Luke allegedly drove his car onto the sidewalk and attempted to run over Knox. The Court must view the totality of circumstances to determine whether a reasonable person would have felt free to terminate the encounter. *Carlson*, 621 F.3d at 618-619; *Kernats v. O'Sullivan*, 35 F.3d 1171, 1177 (7th Cir. 1994). Among the relevant factors are the degree of physical contact, the number and threatening presence of officers, the display of weapons, and the language and tone of voice of the officers. *Carlson*, 621 F.3d at 619. The "two overarching themes" are "the nature and degree of the official inducement" (or "coercion") and "the extent of the restriction on the citizen's desired freedom of movement." *Kernats*, 35 F.3d at 1178. Even a

brief restraint on an individual's movement can be a seizure, but it must "significantly detain" him. *Compare Brooks v. City of Aurora*, 653 F.3d 478, 485 (7th Cir. 2011) (officer's attempt to grasp resisting suspect not a "seizure") *with Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006) (immobilizing punch was a "seizure").

Certainly aiming a car at someone is a physically threatening act that could result in a detention. But in this case, Knox says only that Luke "tried to" run him over. He says nothing of his own response and provides no basis to infer that he was detained at all, much less significantly, by Luke's alleged attempt. A failed attempt at making physical contact, without any of the other coercive factors at work, and without any restraint on the plaintiff's movement, is not in itself a "seizure."

Thus, Knox simply does not plead sufficient facts to take his allegations into the realm of a plausible constitutional violation. His single statement that Officer Luke "tried to" run him over suffices to allege an assault, an attempted battery, or perhaps a threat sufficient to induce emotional distress. It certainly alleges inappropriate and unprofessional conduct. But without any indication that Knox was restricted in his freedom of movement in any way, the lone statement does not plausibly allege that a Fourth Amendment seizure took place. And without any seizure, the Court need not consider whether Knox adequately pleads excessive force or other unreasonable conduct by Officer Luke. *See Kernats*, 35 F.3d at 1177 ("[E]ven unreasonable, unjustified, or outrageous conduct by an officer is not prohibited by the Fourth Amendment if it does not involve a seizure").

Finally, the Court notes that although Officer Luke is the only named defendant, Plaintiff appears to inject into his response brief a claim against the Village of Sauk based on alleged customs and policies of improper supervision or training of officers with respect to the use of

5

force. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). But although a party may assert new facts in response to a motion to dismiss (as long as they are consistent with the complaint), new defendants cannot be added in this manner.

The motion to dismiss is GRANTED, and Plaintiff's complaint is hereby dismissed without prejudice. Plaintiff has twice attempted to amend his complaint without success. The Court will allow him a final opportunity to amend the Complaint within 30 days of this order, provided that any new complaint must adequately address the issues identified by the Court.

Date: September 21, 2012

Honorable John J. Tharp, Jr.
U.S. District Judge